**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **QUALITY LOGO PRODUCTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  12-cv-9568** |
| | ) | |
| **v.** | ) | **Hon. Milton I. Shadur** |
| | ) | |
| **FONALITY, INC., a Texas Corporation,** | ) | |
| **and DELL, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS COUNT I, II AND IV**
**OF THE FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff, Quality Logo Products, Inc. ("QLP"), by its attorneys, Robert R. Benjamin, Esq., Beverly A. Berneman, Esq., and Anthony J. D'Agostino, Esq. of Golan & Christie LLP, opposes the Motion to Dismiss filed by Defendants Fonality, Inc. ("Fonality") and Dell, Inc. ("Dell") (collectively referred to as, "Defendants"), and in support thereof, states as follows:

**BACKGROUND**

QLP filed its First Amended Verified Complaint after retaining new counsel to prosecute this matter (the "Complaint"). QLP's four-count Complaint seeks revocation of acceptance due to consumer fraud, damages as a result of violation of the Illinois Consumer Fraud Act and rescission against Dell and Fonality and damages as a result of breach of contract as to Fonality only. Dell filed its Notice of Removal on November 30, 2012. On December 14, 2012, Dell filed its Motion to Dismiss Counts I, II and IV of QLP's First Amended Verified Complaint (the "Motion"). Fonality has since joined Dell's Motion.

**ARGUMENT**

I.     **QLP's Complaint Meets the Requirements of FRCP Rule 9(b) to State a Claim for Fraud.**

As stated in the Motion, Federal Rules of Civil Procedure (hereinafter "FRCP") 9(b) requires a plaintiff to assert "the who, what, when, where, and how" when pleading fraud. *Motion* p. 3; See also, *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 873 F. Supp. 111, 118 (N.D. Ill. 1995) *aff'd*, 67 F.3d 605 (7th Cir. 1995). FRCP Rule 9(b)'s stringent requirements are said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing "strike suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party. Although some have questioned FRCP Rule 9(b)'s effectiveness in serving these purposes, the case law and commentary agree that the rule requires "the plaintiff to state the 'identity of the person who made the misrepresentation, the time, place and context of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.' " *Recreation Services, Inc. v. Odyssey Fun World, Inc.*, 952 F. Supp. 594, 597 (N.D. Ill. 1997) (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 777 (7th Cir.1994), quoting (*Uni*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir.1992) (citations and footnote omitted)). Defendants also correctly recite that in ruling on a FRCP Rule 12(b)(6) motion, the court "construe[s] the … [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in its favor. *Motion*, p. 2.

QLP's Complaint meets the requirements of FRCP Rule 9(b). QLP's business relies on a fully functional and operation telephone system for sales and customer support. When QLP began its search to find a product to meet its vigorous demands and performance needs, QLP searched the Internet to compare various phone systems. After exhaustive research, QLP settled

2

on the purchase of a Fonality Business Phone System (the "Fonality Phone System") from Dell. QLP's decision was based upon the list of features the Fonality Phone System could allegedly perform as advertised on Dell and Fonality's website. These features are still being advertised through at the same website hyper-links referenced on Exhibit B to the Complaint. Despite over a year's worth of maintenance, service attempts and the purchase of a Live Back-Up Server (the "Server"), the Fonality Phone System was unable to perform all the functions as advertised. It has become clear to QLP that Defendants are unable to get the Fonality Phone System to perform all of the features listed in Complaint Exhibit B. Therefore, advertising that the Fonality Phone System can perform these features constitutes a false statement of material fact.

QLP has alleged who has made representations regarding the functionality of the Fonality Phone System, what the Fonality Phone System was advertised to do and where it was advertised in the Complaint's factual allegations and through Complaint Exhibit B. When these representations were first made would be better answered by Defendants who would have knowledge of when these features were first publicized on their websites. QLP sufficiently alleges that fraud occurred because the Fonality Phone System did not work as advertised.

Defendants argue that QLP has not specifically alleged who has made fraudulent representations to QLP. The Complaint alleges that the fraudulent statements were made on the Defendant's websites. Additionally, Complaint Exhibit B lists the fraudulent statements. This website specifically states that if a customer has "questions regarding support, warranties or the Fonality Business Phone System, please contact your local Dell representative." Fonality. Home | Fonality Business Phone System, exclusively sold by Dell. *Support | Fonality Business Phone System, exclusively sold by Dell.* (2012) Retrieved Feb 6, 2013, from <http://dell.fonality.com/support2>. The website was published by Fonality, but the website

3

provides a link to discuss contents of the site with a "Dell Expert" and provides a phone number to call a "Dell Sales Rep". QLP has alleged that Defendants have made statements regarding the functionality of the Fonality Phone System, not one or the other. It is clear that there was a joint effort by the Defendants to put forth this misleading online advertisement.

Defendants also argue that the Complaint does not specifically state which features did not perform as advertised. QLP attached an exhaustive list of features which did not operate as described by Defendants on their website. *Complaint*, Ex. B. Specifically, QLP alleges that it lost complete use of its phone system on several occasions for several hours at a time. This includes the most basic function of any phone system – receiving phone calls. QLP relies on its phone system to take orders from customers. It would not have purchased the Fonality Phone System had it known it would lose the ability to take orders from customers for extended periods of time. Accordingly, QLP has experienced a loss of business since purchasing the Fonality Phone System. QLP continues to sustain damages as a result of the Fonality Phone Systems inability to perform as Defendants represented. Defendants' Motion should be denied as QLP has met the fraud pleading requirements of FRCP Rule 9(b).

II.     **Count II of the Complaint States a Claim for Violation of the Illinois Consumer Fraud Act.**

Similar to the argument advanced above, QLP has sufficiently stated the circumstances which constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act"). The elements of a claim under the Act are: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce. *Siegel v. Shell Oil Co*., 656 F. Supp. 2d 825, 831-32 (N.D. Ill.

2009) *aff'd*, 612 F.3d 932 (7th Cir. 2010). A damages claim under the Act requires that the plaintiff was deceived in some manner and damaged by the deception. *Id. at* 832.

Defendants have held the Fonality Phone System out as a product which is capable of performing all of the features as stated on their website. *Complaint*, Ex. B. QLP has alleged facts which show that this is not the case. Further, QLP has alleged that had it known the Fonality Phone System could not perform all the features listed on Defendants' website, it would not have purchased the product. QLP has experienced considerable loss of business and incurred additional labor expenses in attempting to work with Defendants to implement the Fonality Phone System. QLP continues to sustain damages as a result of the Fonality Phone System's inability to perform as advertised.

Defendants' representations were not made to QLP alone. The Fonality Phone System's features are publicized on the internet for anyone to see. Defendants advertise these features with the intent to induce consumers to purchase their product. QLP has alleged that it is one of potentially many consumers who have purchased this product in the course of trade or commerce. Accordingly, Defendants' Motion to Dismiss should be denied as to Count II.

**III.    QLP has met the Pleading Requirements Necessary to State a Claim for Rescission.**

QLP and Defendants had quotes that were agreed to and accepted by the parties for the purchase of goods. Each quote was accepted by QLP forming contracts with Defendants. Defendants allege that QLP's claim for rescission must fail as a result of QLP's failure to plead fraud with specificity. As stated above, QLP has sufficiently alleged facts to state a claim based upon fraud.

QLP has also alleged that Defendants breached the sales contracts as they related to the Fonality Phone System and the Server. Defendants sold goods that were not capable of

performing as advertised. Defendants have subsequently refused to accept the return of the goods. QLP would not have purchased the Fonality Phone System had it known that the Fonality Phone System would not perform all of the features advertised. *Complaint*, Ex. B.

QLP understands that it may not be able to recover all its damages by rescission. However, rescission is pleaded in the alternative in the event that the Court does not find in favor of QLP that breach of contract or fraud has occurred. QLP attempted to return Defendants' product for a refund of its purchase price to effectuate the rescission, but Defendants refused. QLP's Complaint sets forth the basis for rescission with sufficient facts. Therefore, Defendants' Motion should be denied as to Count IV of the Complaint.

WHEREFORE, Plaintiff, Quality Logo Products, Inc., respectfully requests that this Honorable Court enter an order:

1. Denying Defendants' Motion to Dismiss Counts I, II and IV of the First Amended Verified Complaint; and

2. Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

QUALITY LOGO PRODUCTS, INC., Plaintiff,

By:*/s/ Anthony J. D'Agostino*
Anthony J. D'Agostino

One of Its Attorneys

Robert R. Benjamin, Esq. (ARDC # 0170429)
Beverly A. Berneman, Esq. (ARDC # 06189418)
Anthony J. D'Agostino, Esq. (ARDC # 6299589)
Golan & Christie LLP
70 W. Madison Street, Suite 1500
Chicago, Illinois 60602
312.263.2300